[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15447
Non-Argument Calendar

_____

D. C. Docket No. 02-00033-CR-7-UWC-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROOSEVELT MACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 14, 2009)

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Roosevelt Mack, a federal prisoner convicted of crack cocaine offenses,

appeals pro se the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify the term of imprisonment of an already incarcerated defendant if the defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, ___ S. Ct. ___, 2009 WL 301854 (U.S. Mar. 9, 2009); see also U.S.S.G. § 1B1.10(a)(2)(B). Thus, a reduction is not authorized if an applicable amendment does not lower a defendant's applicable guideline range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A).

At Mack's 2004 sentencing, his initial guidelines range, based on U.S.S.G. § 2D1.1(c)'s drug quantity table, was 292 to 365 months' imprisonment. However, because Mack was subject to a statutory mandatory minimum life sentence

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

2

pursuant to 21 U.S.C. § 841(b)(1)(A), his guidelines sentence became life imprisonment. See U.S.S.G. § 5G1.1(b). The district court then granted a U.S.S.G. § 5K1.1 motion for a downward departure based on Mack's substantial assistance, resulting in a guidelines range of 168 to 210 months' imprisonment. The district court imposed a 180-month sentence.

In 2008, Mack filed this § 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines, which lowered most of the base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. The district court denied the § 3582(c)(2) motion, concluding that Mack's sentencing range of life imprisonment, which was set based on the statutory mandatory minimum, was not lowered by Amendment 706. We agree.

Mack's sentencing range was determined by the statutory mandatory minimum, not by the quantity of crack cocaine attributed to him under § 2D1.1(c). Thus, even though Amendment 706 lowered the base offense level for Mack's crack cocaine offenses, it did not affect Mack's sentencing range of life imprisonment. The fact that Mack received a § 5K1.1 downward departure once his guidelines range was calculated does not alter this conclusion. See United States v. Williams, 549 F.3d 1337, 1339-42 (11th Cir. 2008) (concluding that the district court did not have authority to grant defendant's § 3582(c)(2) motion

3

because Amendment 706 had no effect on his statutory mandatory minimum sentence, which had become his guidelines range, even though he received a § 5K1.1 downward departure).  Because Amendment 706 had no effect on his sentencing range, Mack was ineligible for a § 3582(c)(2) sentence reduction.

Mack's arguments regarding the applicability of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), are foreclosed by our precedent.  See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (concluding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"); United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664) (concluding that Booker does not provide an independent basis on which to grant a § 3582(c)(2) motion).

**AFFIRMED.**